IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:12CR00013 |
| v. | **ORDER** |
| CHRISTOPHER JAMES MILLS, | By: Hon. Glen E. Conrad |
| Defendant. | Senior United States District Judge |

On February 16, 2012, a grand jury returned an indictment charging Christopher James Mills with conspiring to distribute and possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectible amount of cocaine, in violation of 21 U.S.C. § 846. A jury convicted Mills of this offense.

A probation officer prepared a presentence investigation report ("PSR") in advance of sentencing, which the court adopted without change. ECF Nos. 103 & 104. The government also submitted a notice of sentence enhancement under 21 U.S.C. § 851. ECF No. 37. On April 30, 2013, Mills was sentenced to 254 months of incarceration and ten years of supervised release. ECF No. 102. That term has since been reduced to the mandatory minimum 240 months of incarceration. ECF No. 117. Counting the 1,080 days of good conduct time he is currently expected to earn, Mills has served approximately 45% of his sentence and his projected release date is October 7, 2029. ECF No. 157-1.

Mills submitted an administrative request for release to home confinement in May 2020, which was denied soon after. ECF No. 151-1. On May 26, 2020, the defendant, proceeding pro se, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act of 2018. The Federal Public Defender was appointed in the

case, pursuant to Standing Order 2019-1. The defendant, by counsel, has now filed an amended motion. The government has responded, and the matter is ripe for review.

A district court "may not modify a term of imprisonment once it has been imposed," except in narrow circumstances. 18 U.S.C. § 3582(c). As relevant here, the compassionate release statute provides as follows:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, the government concedes that Mills has satisfied the exhaustion requirement of § 3582(c)(1)(A). By contrast, the government argues that Mills has not shown that compelling and extraordinary reasons warrant his release and that the § 3553 factors counsel against Mills' release. The court agrees that the § 3553 factors do not support reducing Mills' sentence, even if Mills has shown extraordinary and compelling reasons for doing so.[1]

---

[1] Mills is incarcerated at Butner Federal Medical Center ("FMC Butner"). The prison facilities in Butner, North Carolina have experienced significant COVID-19 infection rates. FMC Butner, however, has fared better. See https://www.bop.gov/coronavirus (last visited August 21, 2020). At least one court has noted that "access to medical care" at FMC Butner a—"detached and separate medical facility" from the other institutions in Butner—"may well be superior" to that available to defendants after release. United States v. Colbert, No. 99-CR-80399, 2020 WL 3529533, at *2–3 (E.D. Mich. June 30, 2020); but see United States v. Tidwell, No. 94-CR-353, 2020 WL 4504448, at *6 n.54 (E.D. Pa. Aug. 5, 2020) (rejecting argument that FMC Butner does not pose the same risk of infection as the other Butner facilities). Mills' records indicate that he suffers from hypertension, which is treated by medication, and that he is obese.

The Court must "consider[] the factors set forth in section 3553(a)" in determining whether compassionate release is warranted. 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020) (affirming order denying compassionate release after considering the § 3553(a) factors). The factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for just punishment, adequate deterrence, protection of the public, and rehabilitation. 18 U.S.C. § 3553(a).[2] Mills, who is now 43 years old, alleges that he has had a perfect disciplinary record in the eight years served so far, an admirable accomplishment that is reflected in the amount of good conduct time that he is projected to earn. Records also show that Mills has worked regularly and completed a number of courses to better himself. ECF Nos. 151-1, 157-1. Thus, it appears that Mills has used his time in custody to at least partially rehabilitate himself.

However, the court must also consider the nature of Mills' offense, his history, the needs for just punishment and deterrence, and the need to protect the public. Mills was responsible for a foreseeable drug weight of 50 to 150 kilograms of cocaine. PSR ¶ 13. The PSR recounted a lengthy history of drug use and trafficking since Mills' youth. PSR ¶¶ 10–11. Mills' criminal history included two convictions for assault and battery—of a household member in one instance—and a prior drug trafficking conviction. Id. ¶¶ 31–32. The PSR also alleged that Mills conspired with others to set up and violently rob rival drug dealers. Id. ¶ 36. After hearing sworn witness testimony, the court found that allegation to be accurate. ECF No. 109, Apr. 30, 2013 Hr'g Tr. at 58–59. Finally, even if Mills receives full credit for good conduct time, he has served less than half of his term of incarceration.

---

[2] The defendant argues that if he were sentenced today, he would face a 15-year mandatory minimum, and that the court should consider this "potential sentencing disparity." ECF No. 157. He does not, however, presently argue that he is entitled to that lower sentence under the retroactive sentencing provisions of the First Step Act.

After careful consideration of the record, the court believes that the § 3553(a) factors weigh against granting Mills' motion.  As a result, the court concludes that Mills has not shown that he is entitled to relief.  Accordingly, it is hereby

**ORDERED**

that the defendant's motion for compassionate release, ECF Nos. 151 & 157, is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send a copy of this order to the defendant, the Federal Public Defender, and counsel of record for the United States.

DATED: This  24th   day of August, 2020.

_____
Senior United States District Judge