## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 7:12CR00013 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHRISTOPHER JAMES MILLS,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Sheila Moheb, Roanoke, Virginia, for Defendant.*

Defendant Christopher James Mills, sentenced by the late Senior District Judge Glen E. Conrad on April 30, 2013, has moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He contends that if he were sentenced today, he would receive a significantly shorter period of imprisonment than he is currently serving. Because I find that he has established an extraordinary and compelling reason to reduce his sentence and the statutory factors support a reduction, I will grant the motion.

I.

A jury convicted the defendant of conspiracy to distribute and posses with the intent to distribute more than five kilograms or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Mills was

sentenced to 254 months imprisonment to be followed by 10 years of supervised release. He was determined to have a total offense level of 36 and criminal history category of III, which would have resulted in a sentencing guidelines range of 235–293 months imprisonment. However, he was subject to a mandatory minimum sentence of 240 months imprisonment under the terms of § 841(b)(1)(A) because of his conviction for a prior felony drug offense. He is currently incarcerated at FPC Pensacola and has a projected release date of October 7, 2029. He asserts that his prior state drug conviction would no longer support an enhanced sentence under § 841(b)(1)(A) because of a subsequent change in the law.

In 2015, the court sua sponte reduced the defendant's sentence to the statutory mandatory minimum of 240 months imprisonment, based on Amendment 782 to the sentencing guidelines, without objection by the government. His offense level was amended from 36 to 34, which would have resulted in a revised guidelines range of 188–235 months without the then-mandatory minimum of 240 months imprisonment. On June 24, 2021, after successfully exhausting his administrative remedies, Mills filed the present motion, which has been fully briefed.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing

Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.  Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.  The government argues that *McCoy* was wrongly decided, but as it remains binding precent, I must apply it.

When Mills was originally sentenced, a prior "felony drug offense" qualified him for an enhanced sentence under § 851.  *United States v. Thomas*, 810 F. App'x 207, 208 (4th Cir. 2020) (unpublished).  A "felony drug offense" is defined to include "an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs."  21 U.S.C. § 802(44).  The FSA 2018 replaced the statutory phrase "felony drug offense" with "serious drug felony."  *Thomas*, 810 F. App'x at 208.  To constitute a "serious drug felony," a defendant must have served more than 12 months in prison for the prior offense, and his release from imprisonment must have occurred within 15 years of when he committed the offense for which he is being sentenced.  21 U.S.C. § 802(57).

-3-

Mills contends that the offense underlying his § 851 enhanced sentence does not qualify as a "serious drug felony." Therefore, if he were sentenced today, Mills argues that he would receive a shorter sentence. Mills asserts that this alleged disparity constitutes an extraordinary and compelling reason justifying a sentence reduction under the compassionate release portion of the FSA 2018. I agree.

In seeking the enhanced sentence, the government relied on a prior felony drug offense for which Mills was convicted on March 12, 1997, in the Circuit Court of the City of Roanoke, Virginia. Notice of Enhancement, ECF 37. In that case, the state court sentenced Mills to seven years, which was suspended to four years and four months. However, the court ordered that the entirety of the sentence could be suspended upon successful completion of the Boot Camp Incarceration Program. Although the presentence investigation report (PSR) indicated that Mills was sentenced to "4 years and 4 months imprisonment," PSR ¶ 28, ECF 165, in fact he was released after successfully completing the Boot Camp Incarceration Program in less than three months. Thus, he did not serve the stated term of imprisonment and, moreover, the record indicates that the time he spent completing the program (88 days) was credited towards his probationary period and not treated as a term of incarceration.

His prior conviction therefore does not satisfy the requirements of a "serious drug felony," as Mills was not incarcerated for more than 12 months as punishment

for the felony drug conviction.   Without the enhanced punishment under §
841(b)(1)(A), Mills faced only a mandatory minimum sentence of 120 months
imprisonment.   Without the 240-month mandatory minimum, Mills's base offense
level would be 34 with a criminal history category of III, resulting in a sentencing
guideline range between 188–235 months imprisonment.   Because there is a
significant disparity in his sentence due to a change in the law and incorrect facts in
the PSR, resulting in a term of imprisonment that exceeds the applicable guidelines
range, he has established extraordinary and compelling reasons for relief.

## III.

In exercising my discretion under § 3582(c)(1)(A)(i), I must also consider the
principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including
the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.   The
government argues that the § 3553(a) factors weigh in favor of continued
incarceration because Mills was involved in a significant drug trafficking conspiracy
and despite completing the Boot Camp Incarceration Program, continued to engage
in criminal conduct.   Thus, the government believes he is a poor candidate for
rehabilitation.

I disagree.   Mills has served over half of his 240-month sentence. During his
time in prison, Mills has maintained a perfect disciplinary record.   He earned his
GED and completed over 20 educational courses.   He received certifications in

electrical and HVAC services and OSHA training.   Furthermore, Mills has demonstrated that he can comply with the conditions of supervised release, as he previously complied with his state supervision for five years and eight months following his suspended sentence for the state felony drug conviction.  I also find that a reduced sentence would nevertheless serve the goals of deterrence.

The government argues that if this court finds that Mills is entitled to a sentence reduction, he nevertheless should receive a proportional increase above the current guideline range minimum, or 203 months imprisonment.  But I disagree.  As Mills points out, in imposing the initial sentence of 254 months' imprisonment, Judge Conrad was advised that Mills had previously served four-years and four-months in prison — but in fact, Mills never served an active term of incarceration for a prior drug offense.  Further, the court previously reduced Mills's sentence to the then-minimum 240 months, even considering all the circumstances in this case, which indicates that the court determined that a sentence at the low end of the applicable sentencing range is sufficient.

Because of the serious nature of the crime, and the lack of other compelling factors, however, I do not believe that a downward departure to the statutory minimum of 120 months imprisonment would be appropriate in this case. Nevertheless, I do believe the disparity caused by his mandatory minimum sentence

of 240 months warrants a reduction.  I will therefore reduce his sentence to 188 months, to be followed by the previously imposed 10 years of supervised release.

IV.

Accordingly, it is hereby **ORDERED** as follows:

1. The defendant's motion, ECF No. 166, is GRANTED;

2. The defendant's previously imposed sentence of imprisonment is REDUCED to 188 months, but not less than time served;

3. In the event the defendant is entitled to immediate release, this order is stayed for 14 days for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  If more than 14 days are needed for the verification of the defendant's residence and/or to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended;

4. In the event the defendant is entitled to immediate release, his conditions of supervised release are amended to add the following additional condition: The defendant must serve three months of home confinement at the approved residence beginning immediately after release for 24-hours-a-day except for necessary medical treatment, religious services,

employment, court appearances and other absences specifically approved in advance by the probation officer.  The probation officer shall monitor compliance by Voice Recognition, and the probation officer may recommend to the court RF or GPS location monitoring if greater absences are approved or greater risks are identified; and

5.   The Clerk shall provide a copy of this Order to the Probation Office, which Office shall provide a copy to the Bureau of Prisons.

ENTER:  October 19, 2021

/s/  JAMES P. JONES
Senior United States District Judge